FLETCHER, Judge.
LPP Mortgage Ltd. appeals from a summary final judgment entered in favor of Carlos Cacciamani in an action to recover on a guaranty. We reverse.
In July of 2001, LPP Mortgage filed an action against Cacciamani, his dissolved corporation, Cacciamani Architectural Corporation, and his condominium association. *931 The complaint contained two counts. Count I sought to reestablish a note dated April 10, 1993 executed by the corporation to the Small Business Administration[1] for a $262,000 loan. Count II sought foreclosure of a mortgage executed by Cacciama-ni personally securing the note with his Grove Square condominium.
The trial court entered an order on December 19, 2001 which ruled on several motions to dismiss filed by the defendants. The order denied the motions, but contained certain language which later resulted in confusion. The order stated: “Furthermore, the Court has noted the representation made by Plaintiff at hearing, that the Plaintiff was not seeking any deficiency judgment after the foreclosure of. the mortgage which is the subject of Count II. Hence, the demand for deficiency judgment in the last paragraph of the Complaint is hereby stricken.”
LPP Mortgage was subsequently allowed to amend its complaint to include a claim based on a separate guaranty given by Cacciamani on the loan. About this time, LPP Mortgage bought the condominium at a foreclosure 'sale ordered in a separate action instituted by the first mortgagee. The defendants argued that the amended complaint should be dismissed with prejudice because the plaintiff now owned the mortgaged property and it had previously represented that it would not seek a deficiency judgment.
The trial judge denied the dismissal motion with prejudice. Instead, the plaintiff was ordered to delete the count for foreclosure. The order further indicated that the “amended complaint shall be for a cause of action on the Guaranty, stating with specificity the amount of damages sought.” The plaintiff amended its complaint in accordance with the trial judge’s instructions and the case proceeded. When LPP Mortgage subsequently moved for summary judgment, the defendants again contended that plaintiffs claim was barred by the December 19, 2001 order. The successor judge who heard argument on the motion accepted defendants’ argument and entered judgment in favor of Cacciamani.
Cacciamani claims the December 19, 2001 order memorialized LPP Mortgage’s election to forego seeking a deficiency judgment and, in denying the motion for summary judgment, the trial court was properly holding LPP Mortgage to its word. This argument, however, does not take into account the fact that the same trial judge who entered the December order subsequently permitted amendment of the complaint to add a claim under the separate guaranty. The initial claims were not predicated on the guaranty, but solely on the note and mortgage. As stated in Gottschamer v. August, Thompson, Sherr, Clark & Shafer, P.C., 438 So.2d 408, 409 (Fla. 2d DCA 1983), “a suit on a guaranty and a foreclosure action are not inconsistent remedies, and therefore pursuit of either of those remedies without satisfaction is not a bar to the pursuit of the other.” See also Syfrett v. Amsouth Bank of Florida, 588 So.2d 46 (Fla. 1st DCA 1991). LPP Mortgage did not receive complete satisfaction in the foreclosure action and was, therefore, within its right to demand the remaining indebtedness from Cacciamani under the guaranty.
Accordingly, we reverse the summary judgment entered in favor of Cacciamani and remand for further proceedings consistent with this opinion.
Reversed and remanded.

. The SBA loan was later assigned to LPP Mortgage.