PER CURIAM.
Weston Orlando Park, Inc., Weston Orlando Hotel, Inc., Weston Orlando Five, Inc., Pablo A. Marulanda, Alicia Marulan-da, and Fugleberg Koch Architects, Inc. appeal from a final summary judgment of foreclosure entered in favor of Fairwinds Credit Union. We affirm in all respects, except as to the trial court’s reservation of jurisdiction regarding Fairwinds’s claims for breach of the promissory notes.
The trial court could not reserve jurisdiction on Fairwinds’s claims for breach of the promissory notes, separate from the claims for foreclosure, because the debt represented by the notes had merged into the final judgment. The doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause’s independent existence terminates. Diamond R. Fertilizer Co., Inc. v. Lake Packing P’ship, 743 So.2d 547, 548 (Fla. 5th DCA 1999); see Vernon v. Serv. Trucking, Inc., 565 So.2d 905, 906 (Fla. 5th DCA 1990) (“[A] debt reduced to final judgment merges into the final judgment and loses its prejudgment identity.”). As such, the promissory notes and the mortgages merged into the final judgment. Nack Holdings, LLC v. Kalb, 13 So.3d 92, 94 n. 2 (Fla. 3d DCA 2009) (“The mortgage is merged into the judgment, is thereby extinguished, and ‘loses its identity.’ ”). And, a subsequent action for the same cause on the notes and mortgages is barred. 32 Fla. Jur. 2d Judgment and Decree § 116 (1994); see Sunshine Utils. Equip., Inc. v. Treasure Coast Utils., Inc., 421 So.2d 1096 (Fla. 4th DCA 1982).
However, Fairwinds continues to have a right to pursue a deficiency judgment against the obligors and to demand the remaining indebtedness from the Marulan-das under the guaranty agreements. See LPP Mortg. Ltd. v. Cacciamani, 924 So.2d 930, 931 (Fla. 3d DCA 2006) (holding action on guaranty and foreclosure not inconsistent remedies); Kurkjian v. Fish Carburetor Corp., 145 So.2d 523, 526 (Fla. 1st DCA 1962) (stating that final decree in foreclosure action does not dispose of deficiency question since it cannot be determined until after decree entered whether sale price of property being foreclosed is excessive or insufficient to satisfy liquidated amount set out in final decree). On remand, the trial court shall strike the reservation of jurisdiction on the promissory note counts. See generally Jessup v. Cowger & Miller Mortg. Co., 505 So.2d 687, 687 (Fla. 3d DCA 1987).
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER, C.J., PALMER and COHEN, JJ., concur.