Larry ROJAS, Plaintiff,

v.

LAW OFFICES OF DANIEL C. CONSUEGRA, P.L. and Dyck–O'neal, Inc., Defendants.

**Case No: 6:14–cv–1374–Orl–22GJK**

United States District Court, M.D. Florida, **Orlando Division.**

Signed April 22, 2015

N. James Turner, N. James Turner, LLC, Orlando, FL, for Plaintiff.

Barbara Fernandez, David P. Hartnett, West Allan Holden, Hinshaw & Culbertson, LLP, Coral Gables, FL, Christopher Lee Hixson, Law Offices of Daniel C. Consuegra, PL, Benjamin W. Raslavich, Dale Thomas Golden, Golden Scaz Gagain, PLLC, Tampa, FL, for Defendants.

### ORDER

ANNE C. CONWAY, United States District Judge

This cause comes before the Court on the Motion to Dismiss (Doc. No. 14) of Defendant Dyck–O'Neal, Inc. ("Dyck–O'Neal"), to which Plaintiff Larry Rojas ("Rojas") filed a Memorandum in Opposition (Doc. No. 16.). With leave of court,

Dyck–O'Neal filed a Reply (Doc. No. 20) to Rojas's Memorandum in Opposition.

In his Complaint (Doc. No. 1), Rojas alleges that Defendants Law Offices of Daniel C. Consuegra, P.L., and Dyck–O'Neal ("Defendants") violated the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA") (collectively, "the Acts") by filing a lawsuit against him in an attempt to collect an illegitimate debt in an improper venue. Dyck–O'Neal argues that the lawsuit is an action for a post-foreclosure deficiency judgment and is not a "debt" collection activity subject to the provisions of the Acts. Dyck–O'Neal moves to dismiss for failure to state a claim upon which relief can be granted. Because the post-foreclosure deficiency in this case meets the statutory definition of a "debt," the action for a deficiency judgment constitutes a debt collection activity that could give rise to liability under the Acts. Accordingly, the Court denies the Motion to Dismiss.

### I. BACKGROUND

1. *The Complaint*

At this stage in the litigation, the Court must accept as true the facts alleged in the Complaint. The Complaint identifies Dyck–O'Neal as a for-profit collection company that constitutes a "debt collector" as defined by the Acts.[1] (Compl. ¶ 15). Rojas identifies himself as a "consumer" and a "debtor" under the Acts.[2] (Id. at ¶¶ 9–10). Rojas, a permanent resident of California,

---

1. The FDCPA and FCCPA define the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); Fla. Stat. § 559.55(7).

2. The terms "consumer," 15 U.S.C. § 1692a(3), and "debtor," Fla. Stat. § 559.55(8), are defined as "any natural person obligated or allegedly obligated to pay any debt."

"executed a Note and Mortgage on residential property in Orange County, Florida, for primarily personal, family, or household purposes, which is, therefore, a 'debt' as that term is defined ·by" the FDCPA and the FCCPA.[3] (*Id.* at ¶ 17). The property was intended to be used as a temporary residence for Rojas's daughter while she was in college. (*Id.* at ¶ 24). Rojas defaulted, and a Final Judgment of Foreclosure was entered by the state court against the property on May 4, 2009. (*Id.* at ¶ 18). The Note and Final Judgment of Foreclosure were then assigned to Dyck–O'Neal. (*Id.* at ¶ 19). On February 7, 2014, Defendants filed a lawsuit against Rojas in Orange County, Florida. (*Id.* at ¶ 20). The Complaint does not specify the cause of action for the February 7 lawsuit; however, the Complaint provides that "[t]he obligation upon which [Rojas] is being sued is based on the purchase by him of real estate for personal, family or household use." (*Id.* at ¶ 24). Rojas does not mention the word deficiency anywhere in his Complaint.

The Complaint asserts six causes of action. Counts I, III, and V are against the Law Offices of Daniel C. Consuegra, P/L. Because this defendant has not filed a motion to dismiss, Counts I, III, and V are not addressed in this order. In Count II, Rojas alleges that Dyck–O'Neal violated the venue provision of the FDCPA, which provides that "[a]ny debt collector· who brings any legal action on a debt against a consumer shall ... bring such action·only in the judicial district ... in which such consumer signed the contract sued. upon; or. in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i. In Count IV of the Complaint, Rojas alleges that Dyck–O'Neal violated Section 807 and Section 808 of the FDCPA. Section 807 provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. § 1692f. Section 808 provides that a debt collector may not use any false or misleading representation when attempting to collect a debt. 15 U.S.C.§ 1692e.[4] In Count VI, Rojas alleges that Dyck–O'Neal violated the FCCPA. (*Id.* at ¶ 68). Rojas cites Section 559.72, Florida Statutes, which provides: "In collecting consumer debts, no person shall ... [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." (*Id.* at ¶ 62). Rojas asks the Court: to declare that Dyck–O'Neal's conduct violated the FDCPA and the FCCPA; to enjoin Dyck–O'Neal from any further illegal collection practices; to award statutory and actual damages; and to award reimbursement for legal expenses.

### 2. *The Motion to Dismiss*

Dyck–O'Neal moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The crux of Dyck–O'Neal's argument is

---

3. Both the FDCPA and the FCCPA define the term "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6).

4. Because claims under Sections 808 and 807 are distinct, requiring different elements of proof, the better practice would have been to assert the claims in two separate counts. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

that the February 7 lawsuit is an action for deficiency judgment, which is not an "obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). Thus, Dyck–O'Neal argues, the lawsuit does not meet the statutory definition of a "debt." (Mot. Dismiss 9). In the absence of any debt, neither the FDCPA nor the FCCPA is applicable, and, according to Dyck–O'Neal, any such claims arising from the deficiency action are subject to be dismissed with prejudice. (*Id.*).[5]

### 3. *Public Documents*

Rojas's Complaint does not specify the cause of action for the February 7, 2014, lawsuit. Indeed, Rojas does not mention the word deficiency anywhere in his Complaint. Thus, Dyck–O'Neal has filed a Request for Judicial Notice (Doc. No. 15), attached to which are several documents from public records, including the promissory note, (Doc. No. 15–1), the final judgment of foreclosure in the Orange County foreclosure action, (Doc. No. 15–2), a certificate of title, (Doc. No. 15–3), and the complaint in the February 7 Orange County case, (Doc. No. 15–4). These documents establish that the February 7, 2014, lawsuit is, in fact, an action for deficiency judgment.

This Court may—and does—take judicial notice of public records. *See Haddad v. Dudek*, 784 F.Supp.2d 1308, 1324 (M.D.Fla.2011) (noting that "the Court may take judicial notice of and consider documents which are public records, that are attached to the motion to dismiss,

without converting the motion to dismiss into a motion for summary judgment"); Fed. R. Evid. 201(b) (providing that the court may judicially notice a fact that is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Fed. R. Evid. 201(c) (providing that the court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

The public records attached to Dyck–O'Neal's request establish the following: Rojas signed a promissory note for the purchase of property in the amount of $258,490.00. (Doc. No. 15–1). The note was secured by a mortgage on the property. (*Id.*). When Rojas defaulted on the note, the lender sued in Orange County Circuit Court where the court entered summary final judgment in the amount of $283,096.33, which included the principal due on the note, interest, late charges, fees, and costs. (Doc. No. 15–2). The court ordered the property to be sold if Rojas failed to satisfy the judgment by a date certain; the court also retained jurisdiction to enter a deficiency judgment. (*Id.*). When Rojas failed to pay the amount of the judgment, the property was sold pursuant to the court's order. (Doc. No. 15–3). The fair market value of the property at the time of sale was $80,000, leaving a deficiency of $203,096.33. (Doc. No. 15–4). Dyck–O'Neal filed suit in Orange County Circuit Court to collect the deficiency, interest, and costs. (*Id.*).

---

**5.** Rojas filed a Memorandum in Opposition (Doc. No. 16) to Dyck–O'Neal's Motion to Dismiss. The Memorandum, however, is of little use to the Court because it simply restates the conclusory legal allegations made in the Complaint. (Id. at 3 (quoting Compl. ¶¶ 17–20, 24)). The only additional information provided by Rojas in his Memorandum in

Opposition is the following language taken from the February 7 Orange County case: "Based upon the amount due on the promissory note, as of the time of the foreclosure sale and the value of the property, Plaintiff's, DYCK–O'NEAL, INC., deficiency is the sum of $203,096.33 plus interests, costs and attorneys (sic) fees." (Mem. Opp'n 3).

It is this second action in Orange County that gives rise to the FDCPA and FCCPA actions filed in this Court. Rojas claims that the action is an attempt to collect a debt in violation of the Acts. Dyck–O'Neal moves to dismiss, claiming that there is no "debt" protected by the Acts because a post-foreclosure deficiency does not meet the statutory definition of a "debt." Thus, the question before this Court is as follows: When a promissory note is reduced to judgment and the property securing that note is sold, leaving a deficiency, does a debt collector's action to recover the deficiency constitute an action to collect a "debt?" The answer to that question is yes.

## II. LEGAL STANDARDS

### 1. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to show that the legal allegations are not simply possible, but plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. When deciding a Rule 12(b)(6) motion, the Court must accept as true all the factual allegations in the complaint, drawing all inferences derived from those facts in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir.2010).

### 2. Claims under the FDCPA and the FCCPA

In order to succeed on a claim under the FDCPA, "a [p]laintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor [sic] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F.Supp.2d 1361, 1366 (M.D.Fla.2002) (internal quotation marks omitted). The FCCPA is "a Florida state analogue to the federal FDCPA" and has similar requirements. *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836 (11th Cir.2010) (per curiam). Most importantly here, the first element of both Acts requires that "a plaintiff must make a threshold showing that the money being collected qualifies as a debt." *Id.* (internal quotation marks omitted). It is this element of a FDCPA/FCCPA action that is at issue in this case.

### III. ANALYSIS

Whether a deficiency constitutes a debt under the FDCPA and the FCCPA "begins where all such inquiries must begin: with the language of the statute itself." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir.2012) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)). The FDCPA and the FCCPA define the term "debt" as: "Any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6).

■ As alleged in his Complaint, Rojas—as a consumer—signed a promissory note obligating him to pay money for property that was for his daughter's use. That note plainly fell within the ambit of the statutes' definition of "debt." *See Reese,* 678 F.3d at 1217 (recognizing that money owed on a promissory note secured by a mortgage is plainly a "debt" for purposes of the FDCPA). Dyck–O'Neal does not suggest otherwise.

Dyck–O'Neal instead contends that Rojas's promissory note lost its identity as a "debt" when it was reduced to judgment in the foreclosure action. Dyck–O'Neal cites no case that so holds for purposes of the FDCPA and the FCCPA, and the express statutory language seems to preclude any such contention. In the language of both statutes, Rojas's promissory note constituted a "debt" *"whether or not such obligation [was] reduced to judgment."* 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6) (emphasis added).

■ To support its loss-of-identity argument, Dyck–O'Neal points to the common law doctrine of merger. Under that doctrine, "a debt reduced to final judgment merges into the final judgment and loses its prejudgment identity." *Vernon v. Serv. Trucking, Inc.,* 565 So.2d 905, 907 (Fla. 5th DCA 1990); *see also Weston Orlando Park, Inc. v. Fairwinds Credit Union,* 86 So.3d 1186, 1187 (Fla. 5th DCA 2012) (per curiam) (explaining that "[t]he doctrine of merger provides that when a valid and final judgment is rendered in favor of a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates"). "By extinguishing the cause of action on which a judgment is based, the doctrine of merger bars a subsequent action for the same cause." *Diamond R. Fertilizer Co., Inc. v. Lake Pack-*

*ing P'ship,* 743 So.2d 547, 549 (Fla. 5th DCA 1999). Dyck–O'Neal contends that, pursuant to the merger doctrine, Rojas's promissory note was extinguished when it was reduced to judgment in the foreclosure action and so cannot be considered a "debt" in the subsequent action to collect a deficiency.

While there appear to be no reported decisions that discuss the relationship between the merger doctrine and an action to recover a deficiency, the Restatement (Third) of Property (Mortgages) explains that "the doctrine of merger does not apply to mortgages or affect the enforceability of a mortgage obligation." Restatement (Third) of Prop.: Mortgs. § 8.5 (1997). According to the drafters of the Restatement: "Enforceability of the obligation and of the mortgage are governed by different bodies of law; the obligation's enforcement is governed by the Uniform Commercial Code and by contract law, while mortgage enforcement is governed by a specialized body of property law." *Id.* cmt. c. While the drafters do acknowledge that the "function of a foreclosure sale is to extinguish the lien being foreclosed," they also provide that "[i]f the bid at the foreclosure sale is insufficient to pay the mortgage obligation in full, the foreclosing mortgagee can recover a deficiency judgment based on the note." *Id.* cmt. c(2). To hold otherwise and allow obligations to be merged into the foreclosure action "would result in unjust enrichment of those who are personally liable." *Id.* Thus, "[m]erger should be inapplicable to issues of personal liability for an obligation because merger is designed solely to serve the nonsubstantive purpose of simplifying property titles." *Id.* cmt. c. The Restatement thus suggests that Rojas's obligation created by the promissory note is unaffected by the merger doctrine.

Consistent with the Restatement, Florida law provides that the right to collect on any remaining *indebtedness* persists even after a final foreclosure judgment is entered. Long ago, the Florida Supreme Court recognized a lender's right to sue for *"the balance due on the note* after the sale under the foreclosure decree." Gober v. Braddock, 100 Fla. 1406, 131 So. 407, 408 (1930) (emphasis added); *see also Commercial Bank of Ocala v. First Nat'l Bank of Gainesville*, 80 Fla. 685, 87 So. 315, 316 (1920) (explaining that "[a] deficiency decree is one for *the balance of the indebtedness* after applying the proceeds of a sale of the mortgaged property to such *indebtedness* ") (emphasis added). Florida district courts of appeal have recognized the same. *Weston Orlando Park*, 86 So.3d at 1187 (noting that, while the merger doctrine bars a subsequent "action for the same cause on the notes and mortgages," it does not bar the right to "demand the remaining *indebtedness* " following the sale of the secured property); *L.A.D. Prop. Ventures, Inc. v. First Bank*, 19 So.3d 1126, 1127 (Fla. 2d DCA 2009) (explaining that, "a judgment of foreclosure is a final order ... but the law contemplates a continuance of the proceedings for entry of a deficiency judgment" for "the *balance of the indebtedness* ") (emphasis added) (internal citation and quotation marks omitted). As these cases suggest, an action to collect a deficiency is an action to recover "the balance on the note," *Gober*, 131 So. at 408, or "the balance of indebtedness," *Commercial Bank of Ocala*, 87 So. at 316, or, in other words, the balance of the original obligation, which in this case was a "debt" for purposes of the FDCPA and the FCCPA.

The Florida Legislature has long provided that lenders may seek deficiency relief either through mortgage foreclosure suits or subsequent suits at law. *See* Fla. Stat. § 702.06. Section 702.06 provides in relevant part:

> In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount ... and the fair market value of the property on the date of sale.... The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.

*Id.* Thus, since a statutory right to collect on the remaining "indebtedness" persists post-foreclosure, it stands to reason that the remaining "indebtedness" in this case should continue to be considered a "debt" for purposes of the FDCPA and the FCCPA.

Consistent with Florida law, a district court in the Middle District of Florida has determined that a holder of a mortgage has the right to collect any remaining deficiency after the sale of the foreclosed property, even when the deficiency is not reduced to judgment. *DeFrancesco v. Veripro Solutions Inc.*, No. 2:14–CV–27–FTM–29DNF, 2014 WL 4387570, at *3 (M.D.Fla. Sept. 5, 2014). In *DeFrancesco*, the plaintiffs brought suit under the FDCPA and the FCCPA claiming that the defendants violated the Acts when attempting to collect a deficiency on a foreclosed property. *Id.* The plaintiffs alleged that, because there had been no judgment obligating them to pay the deficiency, the alleged debt was not an actual debt, making any attempt to collect the deficiency a violation of the Acts. *Id.* On the defendants' motion to dismiss, the court noted

that it was "not aware of[ ] any case law holding that the holder of a mortgage of a foreclosed property has no right to collect a deficiency balance prior to reducing that balance to a judgment." *Id.* Noting that Florida law protects a mortgage holder's right to file suit to collect a deficiency, the court concluded that "it would be illogical to prevent the mortgage holder from contacting the debtor in an attempt to recover the deficiency balance prior to suit." *Id.* The court accordingly granted the defendants' motion to dismiss, in essence holding that the defendants' demand for payment of a legitimate debt did not support an FDCPA or FCCPA claim. This holding is consistent with the Restatement's treatment of the merger doctrine and suggests that, in this case, Rojas's obligation survived the mortgage foreclosure action and continues to be a "debt" for purposes of the Acts.

■ Nonetheless, "the mere obligation to pay does not constitute a 'debt' under the FDCPA." *Oppenheim*, 627 F.3d at 837. In order to fall within the purview of the FDCPA/FCCPA, the obligation to pay must arise from some sort of consumer transaction. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) (explaining that "transaction" refers to "consensual or contractual arrangements"). Indeed, court ordered obligations that do not arise from consumer transaction are consistently held to *not* constitute "debts" for the purposes for the Acts. *See id.* (finding that the obligation of a tortfeasor did not arise from a "transaction" needed to give rise to a "debt"); *see also Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86 (4th Cir.1994) (holding child support obligations are not "debts" for purposes of the FDCPA).

Dyck–O'Neal argues that the deficiency action in this case did not arise out of a consumer transaction, but rather arose from the judicially ordered foreclosure judgment and foreclosure sale. (Mot. Dismiss 8). According to Dyck–O'Neal, once Rojas's promissory note was reduced to judgment in the foreclosure action, the debt merged into the foreclosure action. In other words, the "consumer transaction" was extinguished by the judicially ordered foreclosure sale. The only obligation that now remains, Dyck–O'Neal argues, is the judicially created obligation determined by the amount of the foreclosure judgment and the fair market value of the property on the date of the court-ordered sale. Such an obligation, Dyck–O'Neal says, does not arise from a consumer transaction and therefore cannot not considered a "debt" under the Acts.

■ If such an interpretation is accepted, however, it would render meaningless the words "whether or not such obligation has been reduced to judgment," words that were expressly included in the statutory definition of "debt" by both Congress and the Florida Legislature. 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). It seems unlikely that either body of lawmakers intended its definition to be so interpreted. A more likely interpretation is one based on the clear language of the Acts: An obligation to pay money arising from a consumer transaction is a debt, regardless of whether it is reduced to judgment. Such an obligation exists in this case. Rojas entered into a transaction to obtain a loan to purchase a house, obligating him to pay money. That obligation is a debt, whether or not it has been reduced to judgment.

This interpretation is supported by several decisions where courts have held that, when a foreclosure judgment and a deficiency judgment are sought in the same action, the request for a deficiency judgment is considered an action to collect a "debt." For example, in *Freire v. Al-*

*dridge Connors, LLP,* 994 F.Supp.2d 1284, 1287 (S.D.Fla.2014), a debt collector moved to dismiss a debtor's post-foreclosure suit under the FDCPA, arguing that the FDCPA did not apply because the foreclosure action was intended to enforce a security interest and was not an action to collect a debt. In *Freire,* however, the foreclosure action filed by the debt collector also sought to collect on the deficiency from the defaulted mortgage. *Id.* at 1286. Thus, the court rejected the collector's argument, stating: "Because the foreclosure complaint ... sought a deficiency judgment, a judgment for an amount beyond the collateral, Defendant sought to collect a debt, and therefore Plaintiffs were the object of debt collection activity." *Id.* at 1288.

Likewise, in *Rotenberg v. MLG, P.A.,* No. 13–cv–22624–UU, 2013 WL 5664886, at *2 (S.D.Fla. Oct. 17, 2013), the court rejected a similar argument made by the debt collector in the debtor's post-foreclosure action under the FDCPA:

> Here, it is clear that Defendant was in part attempting to collect on the underlying debt, as the complaint sought a deficiency judgment, which by definition is granted only when proceeds from a foreclosure sale do not offset the amount owed on the underlying debt .... Defendant was thus engaged in debt collection activity under the FDCPA.

In both *Freire* and *Rotenberg,* the courts assumed that a deficiency action can give rise to a FDCPA action. Dyck–O'Neal fails to acknowledge these cases, and likewise fails to adequately explain why the deficiency action in this case should not be considered an attempt to collect a "debt." Indeed, Dyck–O'Neal's Motion to Dismiss does not cite to a single case that deals with an action to collect a deficiency. On the contrary, Dyck–O'Neal relies on cases where judgments relating to child support

obligations, (Mot. Dismiss 8, (citing *Mabe,* 32 F.3d at 88)), and tort actions (id. (citing *Hawthorne,* 140 F.3d at 1371; *Turner v. Cook,* 362 F.3d 1219, 1226–28 (9th Cir. 2004))), were excluded from the FDCPA's definition of "debt." Importantly (and not acknowledged by Dyck–O'Neal), the cases cited in the Motion to Dismiss were excluded from FDCPA regulations not because they dealt with judgments, but because the obligations in those cases were not based on an underlying "obligation of a consumer to pay money arising out of a transaction." 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6). Thus, the cases cited by Dyck–O'Neal do nothing more than support the well settled notion that in the absence of a consumer transaction, there is no "debt" covered by the FDCPA. *See, e.g., Hawthorne,* 140 F.3d at 1371. Here, the obligation that Dyck–O'Neal is attempting to collect arose from a consumer transaction. The cases cited in the Motion to Dismiss, therefore, have no bearing on the case at hand.

The courts in *Freire* and *Rotenberg* both determined that a debt collector's request for a deficiency constituted an action to collect a "debt" *when the request was made during a foreclosure action.* The parties have not cited, and the Court has not found, any case where a court has decided that the result would be different when a debt collector files a separate post-judgment lawsuit to collect a deficiency. In a different context, however, the Ninth Circuit Court of Appeals explained in an FDCPA action that "[b]ecause 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a 'legal action on a debt.'" *Fox v. Citicorp Credit Servs., Inc.,* 15 F.3d 1507, 1515 (9th Cir.1994). In *Fox,* a debt collector filed an application for a writ of garnishment as an action to enforce a previously obtained judgment on

a debt. The debt collector argued that its application for a writ of garnishment was not a "legal action on a debt" for purposes of the debtor's subsequent suit under the FDCPA. The Ninth Circuit explained its rejection of the debt collector's argument as follows: "The plain meaning of the term 'legal action' encompasses all judicial proceedings, including those in enforcement of a previously-adjudicated right. Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment constitutes a 'legal action on a debt.'" *Id.* (internal citation omitted). While the *Fox* case did not address deficiency judgments, that court's reasoning is nonetheless applicable here: "Because 'debt' includes obligations reduced to judgment, any judicial proceeding relating to such a judgment" (i.e., the deficiency action) "constitutes a 'legal action on a debt.'" *Id.*

Congress enacted the FDCPA in response to "abundant evidence" of debt collector abuse. 15 U.S.C. § 1692(a). The stated purpose of the Act is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). Many courts have recognized that the FDCPA is a far-reaching statute that must be construed broadly to effect its remedial purpose. *See, e.g., Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443, 448 (6th Cir.2014) ("The Fair Debt Collection Practices Act is an extraordinarily broad statute and must be construed accordingly." (internal quotation marks omitted)); *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir.2013)

("Congress ... has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and *clearly intended the FDCPA to have a broad remedial scope.*" (emphasis in original) (internal quotation marks omitted). Given the statute's stated purpose and "broad remedial scope," it seems unlikely that Congress or the Florida Legislature intended the effect urged by Dyck–O'Neal here—namely, that the provisions of the Acts do not apply to post-judgment debt collection practices.

The clear and unambiguous language of both the FDCPA and the FCCPA provide that any obligation to pay money arising out of a consumer transaction is a debt, *"whether or not such obligation has been reduced to judgment."* 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6) (emphasis added). This language indicates that an obligation arising from a consumer transaction will continue to be a "debt" for purposes of the Acts even if such obligation has been reduced to judgment. Accordingly, a deficiency action will be considered a debt collection activity if the deficiency arose from a consumer transaction. Such an interpretation is supported by the cases cited herein. Here, Rojas entered into a consumer transaction when he signed the promissory note on the property for his daughter. That transaction obligated him to pay money, satisfying the definition of a "debt" under the Acts. That obligation continues to be considered a "debt" even if it is reduced to judgment in a foreclosure action or a later deficiency action. Thus, any attempt to collect on the "debt" (i.e., filing the February 7, 2014, lawsuit for a deficiency action) is subject to the regulations set forth in the FDCPA and the FCCPA.[6]

---

6. This holding should not come as a surprise to these parties. Just recently, Judge Corri-

gan reached the same conclusion under a similar line of reasoning after considering the

## IV. SUPPLEMENTAL BRIEFING

Although Dyck–O'Neal's Motion is without merit, the Court has some concern as to whether Rojas has successfully pled a violation of the FDCPA statute that stipulates permissible venues for debt collection actions, 15 U.S.C. § 1692i, and whether such a violation can serve as grounds for Rojas' other alleged violations of the FDCPA and FCCPA. The venue statute permits debt collectors to bring legal actions "to enforce an interest in real property securing the consumer's obligation" in "a judicial district or similar legal entity in which such real property is located," but for all other debts, a legal action must be brought where the "consumer signed the contract sued upon" or where the "consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a).

In this case, the foreclosure action, which preceded and was separate from the deficiency action, enforced the lender's security interest in the mortgaged real property. In the deficiency action, Defendants could only enforce Rojas' personal obligation to pay off the promissory note because the security interest in the real property had already been redeemed. *See Reese,* 678 F.3d at 1216–17. Therefore, Rojas states a claim under the FDCPA venue provision unless Defendants brought the deficiency action in the judicial district where Rojas resided or in the district where he signed the promissory note. The Complaint contains no allegations as to where Rojas signed the promissory note, making it difficult to tell if he actually has a claim under the venue provision. Even if he was sued in an improper venue, the Complaint does not state any plausible basis to believe that the underlying deficiency was an invalid debt, or that any of Defendants' communications pertaining to

that debt were improper. Instead, Rojas seems to be suggesting that filing a debt collection lawsuit in an improper venue somehow renders the debt underlying the lawsuit invalid or compromises its legal status. The Court requires additional briefing as to whether these are viable claims to relief.

## V. CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendant's Dyck–O'Neal's Motion to Dismiss (Doc. No. 14), filed October 17, 2014, is **DENIED.**

2. On or before **May 15, 2015,** Defendants Law Offices of Daniel C. Consuegra, P.L. and Dyck–O'Neal, Inc. shall each file briefs not to exceed 15 pages addressing the issues raised in Part IV of this Order. Plaintiff Larry Rojas shall respond in a single brief not to exceed 15 pages by **June 3, 2015.**

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 22, 2015.

same motion from the same defendant in a lawsuit filed by the same attorney. *See Baggett v. Law Offices of Daniel C. Consuegra,*