STEVENSON, J.
 

 In this mortgage foreclosure case, the bank filed a complaint seeking to foreclose on a mortgage on real property located in Broward County, Florida. Holt, the out-of-state owner of the real property, was personally served with process at her California home and, when she failed to file an answer, a default was entered. Several months later, the non-resident property owner filed a motion to quash service of process and vacate the default, asserting the complaint did not allege facts that would support the exercise of personal jurisdiction under Florida’s long-arm statute. The trial court accepted the property owner’s argument and found that it lacked the personal jurisdiction necessary to enter a deficiency judgment, but refused to quash service of process as it had
 
 in rem
 
 jurisdiction over the Florida real property. The court vacated the default and afforded the property owner the opportunity to file an answer. Both parties have challenged the trial court’s July 13, 2009 order. We affirm the order appealed in all respects, save the trial court’s finding that it lacked personal jurisdiction over the non-resident property owner and write primarily to address that issue.
 

 Prior to 1993, section 48.193(l)(c), Florida Statutes, provided that “[ojwning, using, or possessing any real property within this state” was sufficient to give rise to personal jurisdiction provided the cause of action arose from such ownership, use, or possession. Ownership of real property in Florida was thus held sufficient to establish personal jurisdiction where the cause of action arose from such ownership.
 
 See Nichols v. Paulucci,
 
 652 So.2d 389, 392 n. 5 (Fla. 5th DCA 1995);
 
 cf. Damoth v.
 
 
 *195
 

 Reinitz,
 
 485 So.2d 881, 883 (Fla. 2d DCA 1986).
 

 In 1993, the legislature amended subsection (l)(c), adding the words “holding a mortgage or other lien on,” such that the statute now provides “[ojwning, using, possessing, or holding a mortgage or other lien on any real property within this state” gives rise to personal jurisdiction. Despite the appellant’s argument to the contrary, we do not believe that the amendment eliminated the ownership of real property as a basis for the establishment of personal jurisdiction and the exercise of long-arm jurisdiction. In context, the amended statute is more reasonably read as
 
 extending
 
 personal long-arm jurisdiction to those “holding a mortgage or other lien on” real property in Florida, rather than
 
 eliminating
 
 the long-standing jurisdictional basis for those “owning ... real property within this state.” The complaint in this case alleged Holt’s ownership of Florida real property and thus the trial court erred in ruling it lacked the personal jurisdiction necessary to support the entry of a deficiency judgment.
 

 As for that portion of the trial court’s order which vacates the default, we find that the bank failed to meet its burden of establishing error. The instant case is remanded to the trial court for further proceedings consistent with this opinion.
 

 Affirmed in part; Reversed in pari; and Remanded.
 

 GROSS, C.J., and POLEN, J., concur.