NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MATTHEW BARRY and MARIBETH
RUFF,

        Appellants,

v.

Case No. 2D14-3200

VANTIUM CAPITAL, INC., as successor
to WELLS FARGO BANK, N.A.,

        Appellee.

_____

Opinion filed September 4, 2015.

Appeal from the Circuit Court for Lee
County; Joseph C. Fuller, Judge.

Brett C. Powell, Kristen Perkins, and
Alexander Brockmeyer of The Powell Law
Firm, P.A., Fort Myers, for Appellants.

P. Brandon Perkins of Rogers Towers P.A.,
Fort Myers (withdrew after briefing and oral
argument); Scott A. Kuhn of Kuhn Law
Firm, P.A., Fort Myers (substituted as
counsel of record), for Appellants.

Jordan C. Rubin and Ryan Wagner of
Lawcraft, Plantation, for Appellee.


NORTHCUTT, Judge.

Wells Fargo Bank, N.A., obtained a final judgment of foreclosure against Matthew Barry and Maribeth Ruff in April 2010, and it purchased their property at the foreclosure sale. The circuit court retained jurisdiction to enter a deficiency judgment but Wells Fargo never sought one. In June 2013, Vantium Capital, Inc., moved to substitute itself for Wells Fargo in order to pursue a deficiency action against Barry and Ruff. The court granted the substitution[1] and eventually entered a final summary judgment in favor of Vantium. We reverse because Vantium did not establish its standing to seek the judgment.

Vantium's unsworn motion to substitute asserted that the Federal National Mortgage Association guaranteed Barry's and Ruff's note. Vantium alleged that it had entered into a collection agreement with FNMA and was authorized to pursue and collect deficiency judgments on FNMA's behalf. It attached to the motion a limited power of attorney from FNMA. The extent of Vantium's authority thereunder to pursue a deficiency on behalf of FNMA in a court of law is somewhat unclear. But we do not need to parse the power of attorney for this purpose because the record does not show that FNMA, the grantor of the power, had the right to seek a deficiency.

The original note and mortgage were filed with the court in Wells Fargo's foreclosure action. The note was payable to DHI Mortgage Company LTD, but it was

---

[1]When Vantium was substituted for Wells Fargo Bank in the circuit court, the judge specifically stated that the style of the case was to remain unchanged, citing Florida Rule of Civil Procedure 1.100. We have altered the style in this court to reflect the names of the parties actually participating in the appeal. The body of the judgment on appeal states that Vantium shall recover the deficiency, but it is styled Wells Fargo Bank, N.A. v. Matthew Barry and Maribeth Ruff.

endorsed to Wells Fargo. Neither the note, the mortgage securing it, nor the final judgment mentioned that FNMA guaranteed the note or had an interest in it. Certainly Wells Fargo could have assigned its right to pursue a deficiency to FNMA, but Vantium offered no evidence that it had done so. Even if we accept the allegation that FNMA guaranteed the note, it would have needed an assignment of the judgment, or some other evidence that the asset had been transferred, to pursue a deficiency. See National Enters., Inc. v. Martin, 679 So. 2d 331, 332 (Fla. 4th DCA 1996) (noting that an involuntary dismissal of an action seeking a delinquency after a foreclosure was properly entered where the plaintiff failed to show it was the owner of the asset by presenting an assignment or the transfer or sale of the asset from the entity that obtained the final judgment of foreclosure).

There simply was no evidence establishing that FNMA had succeeded to Wells Fargo's right to seek a deficiency judgment. Accordingly, Vantium's power of attorney from FNMA did not confer standing to pursue a suit against Barry and Ruff. Cf. Creadon v. U.S. Bank, N.A., 40 Fla. L. Weekly D1446 (Fla. 2d DCA Jun. 19, 2015) (discussing the bank's failure of proof on its motion to substitute as plaintiff in the foreclosure action); Gee v. U.S. Bank Nat'l Ass'n, 72 So. 3d 211 (Fla. 5th DCA 2011) (addressing bank's failure to prove the chain of assignments that would establish its right to seek foreclosure of a mortgage).

We reverse the summary judgment entered in favor of Vantium Capital, Inc.

-3-

KELLY and WALLACE, JJ., Concur.