IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DYCK-O'NEAL, INC.,

     Appellant,

v.

DANELL A. HUTHSING,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-378

Opinion filed December 8, 2015.

An appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

Susan B. Morrison and Lauren E. Wages of Law Office of Daniel C. Consuegra, P.L., Tampa, for Appellant.

Austin T. Brown of Parker & DuFresne, P.A., Jacksonville, for Appellee.

PER CURIAM.

On appeal is a final order dismissing appellant's amended complaint for a deficiency judgment. The trial court concluded it lacked personal jurisdiction over appellee, a non-resident. Our review of the trial court's order is de novo. Wendt v. Horowitz, 822 So. 2d 1252, 1256 (Fla. 2002).

Applying the principles discussed by the Florida Supreme Court in <u>Venetian Salami Co. v. Parthenais</u>, 554 So. 2d 499 (Fla. 1989), the well-pleaded allegations of the amended complaint (which went undisputed by appellee's affidavit attached to her motion to dismiss) were sufficient to bring the action within the ambit of Florida's long-arm statute—section 48.193, Florida Statutes. Federal due process concerns were satisfied by appellee's prior conduct, the final judgment of foreclosure, and the foreseeable future consequence of a deficiency judgment; appellee reasonably could have anticipated "'being haled into court'" in this state. <u>Id.</u> at 500 (quoting <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286 (1980)). We hold requisite minimum contacts existed for the trial court to acquire personal jurisdiction over appellee. We reverse the final order dismissing appellant's amended complaint and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

SWANSON, MAKAR, and BILBREY, JJ., CONCUR.