DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SVI CAPITAL, LLC,**
Appellant,

v.

**NICHOLAS R. COON** and **DEANNA DUNSTAN,** his wife, **PAUL C. CONDON** and **MARY ELLEN CONDON,** his wife, **AMERICAN AIR CONDITIONING DISTRIBUTORS LLC** d/b/a **FLORIDA AIR CONDITIONING,** a Delaware Limited Liability Company, **COASTAL SUPPLY COMPANY OF SOUTH FLORIDA, INC.,** a Florida corporation, and **SASSO AIR CONDITIONING, INC.,** a Florida Corporation,
Appellees.

No. 4D14-1685

[January 20, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Timothy McCarthy, Judge; L.T. Case No. 2012CA003317XXXXMB.

Jeffrey M. Garber of Ciklin Lubitz Martens & O'Connell, West Palm Beach, for appellant.

Inger Garcia of Garcia Legal Group, P.A., Fort Lauderdale, for appellees Nicholas R. Coon, Deanna Dunstan, Paul C. Condon, and Mary Ellen Condon.

PER CURIAM.

The plaintiff, SVI Capital LLC ("SVI"), appeals an order determining that defendants Nicholas Coon and Paul Condon are not liable for a deficiency following a final judgment of foreclosure. We reverse.

After defaulting on a construction loan, Coon, with his wife Deanna Dunston, and Condon, with his wife Mary Ellen Condon, entered into a stipulation of settlement and a forbearance agreement with Legacy Bank of Florida ("Legacy"), whereby they agreed to the entry of a final judgment of foreclosure upon any further default. Subsequently, a final judgment of foreclosure was entered against Coon, Condon, and their spouses, based upon the original promissory notes and mortgages which had been filed

with the court. The court retained jurisdiction to enter a deficiency judgment. Thereafter, Legacy assigned its rights to SVI, which was substituted as party plaintiff.

After the property sold at a public auction for less than the outstanding amount of the loan, SVI sought a deficiency judgment. The trial court ultimately found that there was a deficiency, but determined that Coon and Condon were not liable for it, stating:

> The only attempt at proving independent liability was the Plaintiff's generic request that the court take Judicial Notice of non specified documents which are part of 78 separate docket entries in the Court File. Other than citing *FS 90.202(b)* (Matters which may be judicially noticed) no attempt was made to establish a predicate for the admissibility of any documents . . . .

SVI contends that the court erred in failing to consider the original notes and mortgages, which had been submitted and considered by the court in connection with the earlier final judgment of foreclosure.

We reverse on authority of *Deutsche Bank National Trust Co. v. Clarke*, 87 So. 3d 58, 62 (Fla. 4th DCA 2012), in which this Court held that a mortgagee's submission of a copy of the note satisfied the best evidence rule where the original note had already been surrendered to the court in an earlier summary judgment hearing. Similarly, in the present case, the original notes and mortgages were surrendered to the court by Legacy at the time of the final judgment of foreclosure. Because these original documents, which were already in evidence, established Coon's and Condon's liability, the trial court erred in failing to find them liable for the deficiency judgment.

*Reversed and remanded for further proceedings consistent herewith.*

WARNER, MAY and DAMOORGIAN, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

2