NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MICHEAL ALUIA,                                    )
                                                 )
            Appellant,                           )
                                                 )
v.                                               )        Case No. 2D15-2059
                                                 )
DYCK-O'NEAL, INC.,                               )
                                                 )
            Appellee.                            )
                                                 )
_____  )

Opinion filed July 15, 2016.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Lee County;
Michael T. McHugh, Judge.

David W. Fineman of The Dellutri Law
Group, P.A., Fort Myers, for Appellant.

Susan B. Morrison of Law Office of Daniel
C. Consuegra, P.L., Tampa (withdrew after
briefing); Susan B. Morrison of Law Office
of Susan B. Morrison, P.A., Tampa
(substituted as counsel of record), for
Appellee.


BLACK, Judge.

            Micheal Aluia appeals the order denying his motion to dismiss Dyck-

O'Neal, Inc.'s action seeking a deficiency decree.  He contends that pursuant to the

federal Fair Debt Collection Practices Act proper venue is in Michigan and not Florida.

Dyck-O'Neal, Inc. (DONI), brought an action for a deficiency decree against Mr. Aluia based on a Florida final judgment of foreclosure, the sale price of Mr. Aluia's vacation home in Florida, and the property's appraised value. In its complaint, DONI alleged that a final judgment of foreclosure was entered in the amount of $299,252.95, the property was sold for $100, and the property has an appraised value of $115,000. DONI further alleged that subsequent to the foreclosure sale, the final judgment was assigned to it from the original judgment creditor. A copy of the assignment of the judgment was attached to the complaint, along with the final judgment. The final judgment of foreclosure provides that the circuit court retained jurisdiction to enter deficiency judgments. DONI initiated its action pursuant to section 702.06, Florida Statutes (2014).

Mr. Aluia filed a motion to dismiss the complaint, alleging improper venue. He argued that venue in Florida was improper pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (2014) (FDCPA). A hearing was held on Mr. Aluia's motion, and the court denied it.[1] The order denying the motion did not include any findings or conclusions and stated only that the motion to dismiss was denied.

Mr. Aluia contends on appeal, as he did in his motion to dismiss below, that the FDCPA's venue provision requires DONI to bring its deficiency judgment action in Michigan where Mr. Aluia "signed the contract sued upon" and where he resides. Mr. Aluia alleges that he is a resident of Michigan and that the note and mortgage were

---

[1]We have not been provided with a transcript of the hearing. Mr. Aluia contends, and we agree, that a transcript is unnecessary to resolve the legal question presented.

executed in Michigan. He also contends that DONI is a debt collector under the terms of the FDCPA and that the suit for a deficiency decree is a legal action on a consumer debt under the terms of the FDCPA.

The circuit court correctly denied Mr. Aluia's motion. His argument fails for multiple reasons.

Florida's general venue provision, section 47.011, Florida Statutes (2014), provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. This section shall not apply to actions against nonresidents." "[B]y removing nonresidents from the scope of the legislatively created venue privilege, a nonresident over whom personal jurisdiction can be obtained consistent with constitutional considerations can, at a plaintiff's election, be sued in any county in this state, subject only to the doctrine of forum non conveniens." Metnick & Levy, P.A. v. Seuling, 123 So. 3d 639, 642 (Fla. 4th DCA 2013) (quoting Holton v. Prosperity Bank of St. Augustine, 602 So. 2d 659, 662 n.2 (Fla. 5th DCA 1992)).

Here, "the well-pleaded allegations of the amended complaint," which were undisputed by Mr. Aluia's verified motion to dismiss, "were sufficient to bring the action within the ambit of Florida's long-arm statute—section 48.193, Florida Statutes. Federal due process concerns were satisfied by [Mr. Aluia's] prior conduct, the final judgment of foreclosure, and the foreseeable future consequence of a deficiency judgment." See Dyck-O'Neal, Inc. v. Huthsing, 181 So. 3d 555, 555 (Fla. 1st DCA 2015); see also § 48.193(1)(a)(3), Fla. Stat. (2014) ("A person . . . submits himself . . . to the jurisdiction of the courts of this state for any cause of action arising from . . .

[o]wning, using, possessing, or holding a mortgage or other lien on any real property within this state."). Mr. Aluia reasonably should have anticipated "being haled into court" in this state. See Huthsing,181 So. 3d at 555 (quoting Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 500 (Fla. 1989)); see also Hilltopper Holding Corp. v. Estate of Cutchin, 955 So. 2d 598, 601 (Fla. 2d DCA 2007) (stating that constitutional due process requirements are satisfied where the defendant "has committed acts with an effect in Florida such that [he] would anticipate being haled into Florida's courts" (first citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); and then citing Res. Healthcare of Am., Inc. v. McKinney, 940 So. 2d 1139, 1141 (Fla. 2d DCA 2006))). Thus, the circuit court has personal jurisdiction over Mr. Aluia, and venue is proper in Lee County where the deficiency action was filed. See Metnick & Levy, 123 So. 3d at 642; see also Holt v. Wells Fargo Bank, N.A., 32 So. 3d 194, 195 (Fla. 4th DCA 2010) (concluding that circuit court had personal jurisdiction over defendant for purposes of deficiency judgment).

Moreover, although not argued by DONI, it is apparent that Mr. Aluia's motion was also correctly denied based on the retention of jurisdiction in the final judgment of foreclosure. Florida's deficiency decree statute, section 702.06 "binds a plaintiff [in a mortgage foreclosure action] to a deficiency decree once the plaintiff sets the deficiency process in motion, but expressly provides that 'the complainant shall also have the right to sue at common law to recover such deficiency,' " except in one limited circumstance. Royal Palm Corp. Ctr. Ass'n, Ltd. v. PNC Bank, NA, 89 So. 3d 923, 931 (Fla. 4th DCA 2012) (quoting § 702.06, Fla. Stat. 2008)). It would defy logic to say that—solely because DONI elected to file the statutorily permitted independent action to

- 4 -

pursue the deficiency—venue no longer lies in Florida but that if DONI had been substituted party plaintiff in the foreclosure action and filed its motion for deficiency therein venue in Florida would be indisputable.[2] Venue cannot simply be "lost" because DONI brought a new action to recover the deficiency rather than proceeding within the foreclosure suit.

Our conclusion that venue lies in Lee County is unchanged by consideration of Mr. Aluia's argument regarding the venue provision of the FDCPA. As Mr. Aluia points out, the Florida Legislature has expressly stated that Florida courts should give effect to the FDCPA:

> Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

§ 559.552, Fla. Stat. (2014). The Florida Consumer Collection Practices Act, §§ 559.55-.785, does not have a venue provision. However, the venue provision of the FDCPA, 15 U.S.C. § 1692i, provides, in relevant part:

> (a) Venue
>
> Any debt collector who brings any legal action on a debt against any consumer shall—

---

[2]The assignee of a final judgment which includes a reservation of jurisdiction to enter a deficiency may be substituted as a party plaintiff to proceed with a deficiency claim in the foreclosure lawsuit. See One S. Ocean Drive 2000, Ltd. v. One Ocean Boca, LLC, 182 So. 3d 872, 874 (Fla. 4th DCA 2016); cf. Barry v. Vantium Capital, Inc., 40 Fla. L. Weekly D2075 (Fla. 2d DCA Sept. 4, 2015); SVI Capital, LLC v. Coon, 182 So. 3d 932 (Fla. 4th DCA 2016).

(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or

(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—

    (A) in which such consumer signed the contract sued upon; or

    (B) in which such consumer resides at the commencement of the action.

By it terms, the FDCPA's venue provision governs legal action "on a debt" brought by a "debt collector." "Debt" is defined by the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

> [T]he FDCPA applies "only when an obligation to pay arises out of a specified transaction." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir. 1998); see also Oppenheim [v. I.C. Sys., Inc.], 627 F.3d [833,] 837 [(11th Cir. 2010)] ("The statute thus makes clear that the mere obligation to pay does not constitute a 'debt' under the FDCPA.").

Surber v. McCarthy, Burgess & Wolff, Inc., No. 15-12296, 2015 WL 9583479, at *1 (11th Cir. Dec. 31, 2015). And "at a minimum, a 'transaction' under the FDCPA must involve some kind of business dealing or other consensual obligation." Oppenheim, 627 F.3d at 838 (quoting Hawthorne, 140 F.3d at 1371).

The FDCPA defines "debt collector," in pertinent part, as "any person who [(1)] uses any instrumentality of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or [(2)] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6) (emphasis added).

Mr. Aluia claims the deficiency judgment suit is a legal action on a debt because the note secured by the mortgage meets the FDCPA's definition of debt.  We disagree.  A deficiency suit is not a "legal action on" the note; it is an action on the final judgment of foreclosure.  The final judgment of foreclosure is not "an obligation . . . of a consumer to pay money," nor does it arise from a business dealing or consensual obligation.  The final judgment of foreclosure is a judgment in rem or quasi in rem which arises from the foreclosure proceeding.  As such, the venue provision of the FDCPA does not apply to a claim for a deficiency decree.

Under Florida law, a suit for a deficiency decree is an equitable action on the final judgment entered in a foreclosure action in the state where the real property at issue is located.  See Royal Palm, 89 So. 3d at 932 (stating that a plaintiff may bring a "separate law action[] on the foreclosure judgment[] for the deficiency" (emphasis added)); see also § 702.06.  The suit for deficiency is an action to enforce or satisfy the final judgment of foreclosure, which encompassed both a remedy at law and the equitable remedy of mortgage foreclosure, directing the sale of real property.  See Grand Cent. at Kennedy Condo. Ass'n, Inc. v. Space Coast Credit Union, 173 So. 3d 1089, 1091 (Fla. 2d DCA 2015) (agreeing with the Third District's conclusion that the language in a final judgment of foreclosure "retained jurisdiction to enforce—via writs of possession and deficiency judgments—the final judgment entered in the matter" (quoting Cent. Mortg. Co. v. Callahan, 155 So. 3d 373, 376 (Fla. 3d DCA 2014))).

"Once a trial court enters judgment of foreclosure, the judgment 'fixe[s] the validity, priority and extent of [the] debt.' No additional proof of the debt amount is necessary." TD Bank, N.A. v. Graubard, 172 So. 3d 550, 553 (Fla. 1st DCA 2015) (alterations in original) (quoting Ahmad v. Cobb Corner, Inc., 762 So. 2d 944, 946-47 (Fla. 4th DCA 2000)). Thus, the final judgment of foreclosure itself is the alleged obligation at issue in the deficiency proceeding. Id. at 554.

That judgment is not, however, an obligation to pay money. A judgment of foreclosure is a judgment in rem or quasi in rem that directs the sale of the mortgaged property to satisfy the mortgagee's lien. See generally Georgia Cas. Co. v. O'Donnell, 147 So. 267, 292 (Fla. 1933). As such, it "applies only to the property secured by the mortgage, and does not impose any personal liability on the mortgagor." Royal Palm, 89 So. 3d at 929-30 (quoting Kepler v. Slade, 896 P. 2d 482, 485 (N.M. 1995)). To obligate the mortgagor to pay money, the mortgagee must seek the legal remedy of a deficiency decree based on the judgment of foreclosure.

Thus, the deficiency proceeding, rather than being an action on a consumer debt that has been reduced to judgment, is actually an action to enforce the result of a foreclosure proceeding and obtain a money judgment. See Royal Palm, 89 So. 3d at 928, 929-30; cf. § 45.031(1)(a), Fla. Stat. (2014); Whitehurst v. Camp, 699 So. 2d 679, 682 (Fla. 1997) ("Thus, upon the entry of the judgment, the judgment does not bear interest as a debt or a cause of action, but as a judgment. As a result, on entry of the judgment the lender can no longer charge the contractual interest, but is entitled only to statutory interest." (emphasis omitted) (citing Sciandra v. First Union Nat'l Bank of Fla., 638 So. 2d 1009, 1010 (Fla. 2d DCA 1994) (Altenbernd, J., concurring))). This

is unique to mortgage foreclosure cases and is unlike the reduction to judgment of a consumer debt unrelated to real property that is directly converted from that debt to a money judgment upon it. See § 702.01 ("All mortgages shall be foreclosed in equity."); cf. ch. 55, Fla. Stat. (2014); § 56.29, Fla. Stat. (2014). "Before a cause of action for deficiency can accrue, there must be a final judgment of foreclosure and a sale of the assets to be applied to the satisfaction of the judgment." Chrestensen v. Eurogest, Inc., 906 So. 2d 343, 345 (Fla. 4th DCA 2005); see also Singelton v. Greymar Assocs., 882 So. 2d 1004, 1007 (Fla. 2004) (stating that "a necessary predicate for a deficiency is an adjudication of foreclosure" (quoting Capital Bank v. Needle, 596 So. 2d 1134, 1138 (Fla. 4th DCA 1992))).

The final judgment is the instrument on which the deficiency action is based because the note and mortgage merge into the foreclosure judgment where the foreclosure suit is both an action at law for the balance due under the note and an action in equity to foreclose the mortgage. See Manley v. Union Bank of Fla., 1 Fla. 160, 214 (Fla. 1846) ("[A] [person entitled to enforce the note] has, at common law, three remedies, all of which he may pursue at the same time, viz: that he may bring suit at law, upon the bond or note secured by the mortgage; institute an action of ejectment, to put himself in possession of the rents and profits of the estate[;] and file a bill in Chancery, to foreclose the mortgage." (emphasis added)); Royal Palm, 89 So. 3d at 929-30 (concluding that the action on a promissory note and the action to foreclose the mortgage may be done simultaneously in one action, as is the common case in Florida, leaving only the deficiency action if the sale fails to satisfy the final judgment). "The doctrine of merger provides that when a valid and final judgment is rendered in favor of

a plaintiff, the original debt or cause of action upon which an adjudication is predicated merges into the final judgment, and, consequently, the cause's independent existence terminates." Weston Orlando Park, Inc. v. Fairwinds Credit Union, 86 So. 3d 1186, 1187 (Fla. 5th DCA 2012); cf. § 702.08 ("Whenever a decree of foreclosure has been so rescinded, vacated, and set aside . . . the mortgage, together with its lien and the debt thereby secured, shall be, both in law and equity, . . . fully restored in all respects to the original status of the same . . . .").

"Thus, any action based upon the mortgage note in this case was extinguished by the judgment of foreclosure and, consequently, an action for deficiency is not based upon the mortgage note, but instead arises from the final judgment entered and subsequent foreclosure sale." Chrestensen, 906 So. 2d at 345 n.4; see also Weston Orlando Park, 86 So. 3d at 1187 ("[A] subsequent action for the same cause on the notes and mortgages is barred."); One 79th St. Estates, Inc. v. Am. Inv. Servs., 47 So. 3d 886, 889 (Fla. 3d DCA 2010) (citing Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 n.2 (Fla. 3d DCA 2009)); see also Whitehurst, 699 So. 2d at 682 (applying the doctrine of merger in foreclosure actions).[3]  The action to enforce the note and foreclose

---

[3]We are cognizant of federal district court opinions finding either that "the doctrine of merger does not apply to mortgages or affect the enforceability of a mortgage obligation," Rojas v. Law Offices of Daniel C. Consuegra, P.L., No: 6:14-cv-1374-Orl-22GJK, 2015 WL 6777609, at *4 (M.D. Fla. Apr. 22, 2015) (quoting Restatement (Third) of Prop.: Mortgs. § 8.5 (1997)), or that "[t]he doctrine of merger notwithstanding, however, Florida courts have made clear that a deficiency action is a separate action 'to collect the balance due *under the note*,' " Huthsing v. Law Offices of Daniel C. Consuegra, P.L., No: 8:14-cv-2694-T-36JSS, 2015 WL 6777466, at *2 (M.D. Oct. 27, 2015) (quoting Clements v. Leonard, 70 So. 2d 840, 844 (Fla. 1954)). However, the cases relied upon in the federal decisions are cases where only one of a mortgagee's remedies was sought—foreclosure of the mortgage—see, e.g., Clements, 70 So. 2d 840; Gober v. Braddock, 131 So. 407 (Fla. 1930), cases where personal guarantees also secured the debt, see Weston Orlando Park, 86 So. 3d at 1187, or are

- 10 -

the mortgage concluded in the entry of the final judgment that, by its terms, accounted for the payments made under the note prior to default and orders the sale of the property; it is therefore not the same debt evidenced by the note. Cf. Royal Palm, 89 So. 3d at 933 (discussing Farah v. Iberia Bank, 47 So. 3d 850 (Fla. 3d DCA 2010), and distinguishing between money judgments and foreclosure judgments). The final judgment is a foreclosure decree and judgment, establishing an obligation independent of the mortgage and note.[4] See T.D. Bank, 172 So. 3d at 553.

That the final judgment of foreclosure is the instrument on which the action is based is supported by the requirements to obtain a deficiency judgment. A plaintiff seeking a deficiency must establish "1) entry of final judgment of foreclosure; 2) sale of the foreclosed property pursuant to the judgment; [and] 3) issuance of a certificate of title for the property." Frohman v. Bar-Or, 660 So. 2d 633, 636 (Fla. 1995). Where a motion for deficiency decree is filed in the original foreclosure case, the plaintiff must also establish "a reservation of jurisdiction by the trial court for later determination of a deficiency judgment." Id. A deficiency judgment is calculated by subtracting the fair market value of the property, as determined by the court, from the amount of the final

---

otherwise factually distinguishable. And "[a]lthough the reporters of the Restatement seem to believe that section 702.06 is something of a one-action rule, see Restatement (Third) of Property (Mortgages) § 8.2 cmt. b (1997), neither its language nor its history or purpose support that reading." Royal Palm, 89 So. 3d at 931. Notably, neither Rojas nor Huthsing cite Royal Palm or Whitehurst. Nor do they cite any of the Florida cases stating that a deficiency action is an action on the final judgment.

[4]The final judgment is the resolution of the foreclosure of the mortgage, an action in equity, and the enforcement of the note, an action at law. The mortgage and note cannot be "unmerged" for any purpose absent a setting aside of the final judgment pursuant to section 702.08.

- 11 -

judgment.  Empire Developers Grp., LLC v. Liberty Bank, 87 So. 3d 51, 53 (Fla. 2d DCA 2012).[5]

Mr. Aluia's motion was also correctly denied because he failed to sufficiently plead and prove that DONI is a "debt collector" as defined within the FDCPA. See Inverness Coca–Cola Bottling Co. v. McDaniel, 78 So. 2d 100, 102 (Fla. 1955) (stating that a defendant challenging the plaintiff's venue selection has "the burden of pleading and proving that the venue is improper"); Loiaconi v. Gulf Stream Seafood, Inc., 830 So. 2d 908, 909-10 (Fla. 2d DCA 2002) (same).  Notwithstanding the fact that, under Florida law, "a foreclosure judgment is a judicial document ending the lender-borrower relationship and imposing the even less cordial status of judgment creditor and judgment debtor upon the parties," Nack Holdings, 13 So. 3d at 96, Mr. Aluia did not allege that DONI's principal purpose is the collections of any debts, see Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1313 (11th Cir. 2015).  And because the deficiency sought is owed to DONI and not another, the second definition of "debt collector" under the FDCPA is inapplicable.  See id. at 1315-16.

Based on the foregoing, we affirm the denial of the motion to dismiss.


KHOUZAM and SALARIO, JJ., Concur.

---

[5]While we agree that the monetary portion of the final judgment of foreclosure is based in part on the debt owed on the promissory note, see Baggett v. Law Offices of Daniel C. Consuegra, P.L., No. 3:14-cv-1014-J-32PDB, 2015 WL 1707479, at *5 (M.D. Fla. Apr. 15, 2015), it is apparent that the final judgment "seeks" nothing and that the promissory note is irrelevant to the plaintiff's burden of proof in a deficiency action.