IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DYCK-O'NEAL, INC.,

      Appellant,

v.                                                                                    Case No.  5D15-3266

LARRY ROJAS,

      Appellee.

_____/

Opinion filed July 15, 2016

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Susan B. Morrison, of Law Offices of Susan
B. Morrison, Tampa, for Appellant.

N. James Turner, of NJT Law, LLC,
Orlando, for Appellee.


LAMBERT, J.

Dyck-O'Neal, Inc. ("Appellant") appeals the order dismissing its amended complaint for a deficiency judgment based on the trial court's finding that it lacked personal jurisdiction over Appellee.  Concluding that the facts before the trial court established the necessary minimum contacts for the court to exercise personal jurisdiction over Appellee, we reverse.

The material facts in this case are not in dispute. Appellee, a resident of California, purchased a condominium in Florida to serve as a residence for his daughter while she attended college. To facilitate the purchase of this real property, Appellee obtained a loan and executed and delivered a promissory note, which was secured by a mortgage on the condominium. Appellee later defaulted on the note, and a foreclosure suit was filed against him in Orange County, Florida. The plaintiff in that case obtained a final judgment of foreclosure in which the court, among other things, reserved jurisdiction over the parties to render a deficiency judgment, if permissible.

The mortgaged property sold at a foreclosure sale. The interest in the promissory note and the judgment, including the right to seek a deficiency, was ultimately assigned to Appellant. Thereafter, Appellant filed a separate action at law pursuant to section 702.06, Florida Statutes (2013), to obtain a deficiency judgment. *See Garcia v. Dyck-O'Neal, Inc.*, 178 So. 3d 433, 436 (Fla. 3d DCA 2015) (holding that the unambiguous language of section 702.06 permits the filing of a separate action at law for a deficiency judgment, notwithstanding the foreclosure court's reservation of jurisdiction in its final judgment to consider a deficiency).

In the order on appeal, the trial court reasoned that, because the promissory note and mortgage merged into the earlier foreclosure judgment, the Appellant, by electing to bring the separate action at law instead of pursuing the deficiency in the original foreclosure proceeding, had essentially negated its only basis to acquire personal jurisdiction over the nonresident Appellee. The court also noted that Appellee had no connections with Florida and Appellant's amended complaint did not allege any other separate connections that Appellee had with this state other than the transaction and foreclosure litigation previously described. Our review of a trial court's ruling on a motion

2

to dismiss for lack of personal jurisdiction is de novo. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256–57 (Fla. 2002) (citing *Execu-Tech Bus. Sys., Inc.*, *v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000)).

In *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), the Florida Supreme Court articulated a two-pronged inquiry for determining whether a Florida state court has long-arm jurisdiction over a nonresident defendant in a particular case. *See Wendt*, 822 So. 2d at 1257 (citing *Execu-Tech. Bus. Sys.,* 752 So. 2d at 584). First, in the "statutory prong," the court must determine whether "the complaint alleges sufficient jurisdictional facts to bring the action within the ambit" of Florida's long-arm statute. *Id.* (quoting *Execu-Tech Bus. Sys.*, 752 So. 2d at 584). Second, in the "constitutional prong," the court must determine whether the non-resident defendant maintains "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice[,]'" as provided in the United States Supreme Court precedent interpreting the due process clause of the Constitution of the United States. *Id.* (first alteration in original) (quoting *Execu-Tech Bus. Sys.*, 752 So. 2d at 584). This federal due process clause "minimum contacts" inquiry "asks whether the non-resident's 'conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *See Balboa v. Assante*, 958 So. 2d 573, 574 (Fla. 4th DCA 2007) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980)).

The provision of the Florida long-arm statute applicable in the present case is section 48.193(1)(a)3., Florida Statutes (2013), which provides:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or

3

herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

. . . .

3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

Appellee argued below and argues here that this provision of the long-arm statute requires continuing ownership, use, or possession of real property by a nonresident before Florida can acquire personal jurisdiction. We disagree. The language of the statute merely requires that Appellant's cause of action arose from a nonresident's ownership of real property in Florida. *See Nicholas v. Paulucci*, 652 So. 2d 389, 392 n.5 (Fla. 5th DCA 1995) ("By itself, ownership of property is insufficient to subject a nonresident defendant to the jurisdiction of the courts of this state, unless the cause of action arose out of such ownership." (citation omitted)); *see also Holt v. Wells Fargo Bank, N.A.*, 32 So. 3d 194, 195 (Fla. 4th DCA 2010) (explaining that 1993 amendment to section 48.193(1)(a)3., adding the words "holding a mortgage or other lien on," is more reasonably read to extend personal long-arm jurisdiction to those holding a mortgage or lien on real property in Florida, not eliminating the long-standing jurisdictional basis for those owning real property within Florida).

In *Dyck-O'Neal, Inc. v. Huthsing,* 181 So. 3d 555 (Fla. 1st DCA 2015), our sister court essentially addressed the same scenario presently before us. There, as in the present case, the trial court dismissed the appellant's amended complaint for deficiency judgment, concluding that it lacked personal jurisdiction over the appellee, a non-resident. 181 So. 3d at 555. In reversing, the First District concisely explained:

Applying the principles discussed by the Florida Supreme Court in *Venetian Salami Co. v. Parthenais,* 554 So.

4

2d 499 (Fla. 1989), the well-pleaded allegations of the amended complaint (which went undisputed by appellee's affidavit attached to her motion to dismiss) were sufficient to bring the action within the ambit of Florida's long-arm statute—section 48.193, Florida Statutes. Federal due process concerns were satisfied by appellee's prior conduct, the final judgment of foreclosure, and the foreseeable future consequence of a deficiency judgment; appellee reasonably could have anticipated " 'being haled into court' " in this state. *Id.* at 500 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). We hold requisite minimum contacts existed for the trial court to acquire personal jurisdiction over appellee.

*Id.*[1]

We agree with this reasoning. Appellant's amended complaint sufficiently pleaded that its cause of action arose from Appellee's ownership of real property in Florida. Moreover, Appellee should have reasonably anticipated being "haled" back to Florida to address a claim for deficiency, as the foreclosure final judgment expressly reserved jurisdiction over the parties to enter a deficiency judgment. Finally, we attribute no significance to Appellant pursuing the deficiency judgment in a separate action, as opposed to reopening the original foreclosure proceeding because, under the facts of the case, the plain language of section 702.06 permitted it to do so.

Accordingly, we reverse the order dismissing the amended complaint and remand this case for further proceedings.

REVERSED and REMANDED.

TORPY and COHEN, JJ., concur.

---

[1] In defense of the trial judge below, he did not have the benefit of the First District's opinion when he issued the order on appeal.