IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DYCK-O'NEAL, INC.,

   Appellant,

 v.               Case No.  5D16-137

KEVIN MONIZ,

   Appellee.

_____/

Opinion filed August 19, 2016

Appeal from the Circuit Court
for Volusia County,
William A. Parsons, Judge.

Susan B. Morrison, of Law Offices of Susan
B. Morrison, P.A., Tampa, for Appellant.

Austin Tyler Brown, of Parker & DuFresne,
P.A., Jacksonville, for Appellee.

ORFINGER, J.

   Dyck-O'Neal, Inc., appeals the order dismissing with prejudice its amended complaint seeking a deficiency judgment against Kevin Moniz.  The trial court concluded that it lacked personal jurisdiction over Moniz, an out-of-state resident.  We reverse.

   The material facts in this case are not in dispute and are virtually identical to the facts in Dyck-O'Neal, Inc. v. Rojas, 41 Fla. L. Weekly D1636 (Fla. 5th DCA July 15, 2016).  Mr. Moniz, a resident of California, purchased real property in Florida.  To facilitate the purchase of the property, he obtained a loan and executed a promissory note secured by a mortgage on the property.  When he defaulted on the note, the lender filed a foreclosure

suit and obtained a final judgment of foreclosure that reserved jurisdiction over the parties to render a deficiency judgment, if appropriate. Subsequent to the foreclosure sale, the lender assigned the final judgment, including the right to seek a deficiency, to Dyck-O'Neal, Inc., which then filed a separate action to obtain a deficiency judgment against Mr. Moniz. After being served with a complaint, Mr. Moniz filed a motion to dismiss, contesting the trial court's personal jurisdiction over him. The trial court granted the motion to dismiss, and this appeal followed.

Among other things, section 48.193(1)(a)3., Florida Statutes (2013), the Florida long-arm statute, allows a Florida court to exercise jurisdiction over a non-resident who owns, uses, possesses or holds a mortgage or other lien on any real property in this state. Mr. Moniz argued below, and on appeal, that this provision requires continuing ownership, use or possession of real property by a non-resident before Florida can acquire personal jurisdiction. In rejecting that same argument in Rojas, we held "[t]he language of the statute merely requires that Appellant's cause of action arose from a nonresident's ownership of real property in Florida." See Rojas, 41 Fla. L. Weekly at D1637; see also Dyck-O'Neal, Inc. v. Huthsing, 181 So. 3d 555, 555 (Fla. 1st DCA 2015). As we held in Rojas, and the First District held in Huthsing, Mr. Moniz should have reasonably anticipated being haled back to Florida to address a claim for a deficiency, as the foreclosure final judgment expressly reserved jurisdiction to do so.[1]

REVERSED AND REMANDED.

EVANDER and COHEN, JJ., concur.

---

[1] Both Huthsing and Rojas were issued subsequent to the trial court's decision in this case.