DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NERMINE HANNA,**
Appellant,

v.

**PENNYMAC HOLDINGS, LLC; PATRICIA T. CONNOR;** Unknown Tenant #1, n/k/a **ROBERT DAVIS; GARDEN VILLAS TOWNHOUSES HOMEOWNER'S ASSOCIATION, INC.; VILLAGE OF PALM SPRINGS, FLORIDA;** Unknown Tenant #3, n/k/a **ANNIE WILLS;** Unknown Tenant #4; Unknown Tenant #2, n/k/a **ROBERT DAVIS;** Any and All Unknown Parties Claiming By, Through, Under and Against The Named Individual Defendant(s) Who Are Not Known To Be Dead or Alive, Whether Unknown Parties May Claim An Interest As Spouses, Heirs, Devisees, Grantees, or Other Claimants,
Appellees.

No. 4D18-1400

[March 27, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2016-CA-005167-XXXX-MB.

James R. Ackley of the Law Offices of James R. Ackley, P.A., West Palm Beach, for appellant.

Jason F. Joseph of the Tromberg Law Group, P.A., Boca Raton, for appellee PennyMac Holdings, LLC.

CIKLIN, J.

Nermine Hanna appeals a final summary judgment of foreclosure and raises several issues. We affirm as to all of them but write to address her claim that there was a genuine issue of material fact as to standing which we find to be unavailing.

Hanna's purchase of the property underlying this appeal arose out of foreclosure proceedings brought against the property's former owner by the homeowner's association. After Hanna purchased the property, the appellee, PennyMac Holdings, LLC ("the bank"), brought a foreclosure suit

naming the former owner and Hanna, among others, as defendants, and alleging that the former owner had defaulted on the note. The bank alleged it held the note, which contained an endorsement in blank by the lender.

The former owner consented to the entry of a final judgment of foreclosure, and the bank moved for summary judgment. In Hanna's response to the motion, she argued that the bank did not have standing as holder of the note, because the note was not negotiable. The trial court entered summary judgment in favor of the bank.

Hanna contends the note is not negotiable because it does not contain a promise to pay a fixed amount of principal. *See* § 673.1041(1), Fla. Stat. (2016) (defining "negotiable instrument" in part as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order"); *Nagel v. Cronebaugh*, 782 So. 2d 436, 439 (Fla. 5th DCA 2001) ("In order for an instrument to be negotiable under the UCC, it must contain an unconditional promise to pay a sum certain."). Hanna argues that because the note was not negotiable, the bank could not establish its standing as the holder of the instrument pursuant to section 673.3011(1), Florida Statutes (2016). *See Murray v. HSBC Bank USA*, 157 So. 3d 355, 358 (Fla. 4th DCA 2015) (recognizing that pursuant to section 673.3011, Florida Statutes, the "holder of the instrument" may enforce an instrument, and that pursuant to section 671.201(21)(a), Florida Statutes, a "holder" is a "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession").

The promissory note in this case provides the following in relevant part: "In return for a loan that I have received, I promise to pay U.S. $156,800.00 plus any amounts added in accordance with Section 4 (G) below, (this amount is called 'Principal'), plus interest, to the order of the Lender." Hanna argues that the following language appearing at the top of the first page of the note renders it non-negotiable:

> THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. MY MONTHLY PAYMENT INCREASES WILL HAVE LIMITS WHICH COULD RESULT IN THE PRINCIPAL AMOUNT I MUST REPAY BEING LARGER THAN THE AMOUNT I ORIGINALLY BORROWED, BUT NOT MORE THAN 125% OF THE ORIGINAL AMOUNT (OR $196,000.00). MY INTEREST RATE CAN NEVER EXCEED THE LIMIT STATED IN THIS NOTE OR ANY RIDER TO THIS NOTE. A BALLOON PAYMENT MAY BE DUE AT MATURITY.

2

The paragraph appears to reference a provision of the note related to amortization. Section 4(G) of the note contains the following provision:

> (G) Changes in My Unpaid Principal Due to Negative Amortization or Accelerated Amortization
>
> Since my payment amount changes less frequently than the interest rate and since the monthly payment is subject to the payment limitations described in Section 4(F), my monthly payment could be less or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the maturity date in substantially equal payments. For each month that the monthly payment is less than the interest portion, the Note Holder will subtract the monthly payment from the amount of the interest portion and will ad[d] the difference to my unpaid Principal, and interest will accrue on the amount of this different at the current interest rate. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the excess towards a principal reduction of the Note.

Hanna does not address this provision or Section 4(F), which it references. While no Florida state appellate case addresses the negotiability of a note containing provisions related to amortization, a Washington appellate court has squarely addressed the issue and has found that such a provision does not render the note non-negotiable.

In *Bucci v. Northwest Trustee Services, Inc.*, 387 P.3d 1139, 1141 (Wash. Ct. App. 2016), the appellant executed an adjustable rate note promising to pay a specified amount "plus any amounts added in accordance with Section 4(G) below, (this amount is called 'Principal'), plus interest." The note also contained a provision that has substantially similar language to the paragraph relied on by Hanna in this appeal. *See id.* The note contained other provisions relating to changes in the interest rate and monthly payment amount and, as in the instant case, a Section 4(G), which is substantially similar to the Section 4(G) in this case. *See id.* at 1141-42. Bucci filed suit, seeking declaratory and injunctive relief to prevent a nonjudicial foreclosure and sale. *Id.* at 1143. The trial court entered summary judgment in favor of the defendant. *Id.* On appeal, Bucci argued that a negative amortizing note is not a negotiable instrument under Washington's UCC because the note provided for changes in the principal amount. *Id.* at 1144. The court rejected the

3

argument, reasoning that the note "describes Bucci's obligations on its face," as it defined the principal as "$1,530,000.00 plus any amounts added in accordance with 4(G) below . . . plus interest," and it "fully discloses how interest accrual may result in negative amortization, depending on the amount Bucci chooses to make as a monthly payment." *Id.* at 1146. Further:

> Negative amortization only occurs under the note if Bucci chooses not to pay the full amount of interest due each month and only if the monthly payment is insufficient to cover the accrued interest. Bucci's note provides for a monthly payment, but Bucci is not limited to paying only the monthly payment amount. The note expressly permits Bucci to make prepayments towards the principal.
>
> 37 RCW 62A.3-104(a) defines a negotiable instrument as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order." RCW 62A.3-104(a). Because Bucci's note contains an unconditional promise to pay a fixed amount of $1.53 million plus any amounts added in accordance with the provisions in Section (4)(G) of the note, it is a negotiable instrument as defined in RCW 62A.3-104(a).

*Id.*

We find *Bucci*'s reasoning persuasive. The relevant provisions of the Washington UCC are substantially similar to the Florida UCC. We reject the contention that the paragraph at the top of the first page of the note, standing alone, renders the note non-negotiable.

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**

4