NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CLAUDINE M. STACKNIK,                      )
                                            )
            Appellant,                      )
                                            )
v.                                          )     Case No. 2D18-2156
                                            )
U.S. BANK NATIONAL ASSOCIATION, as )
Trustee, MASTR Adjustable Rate             )
Mortgages Trust 2007-3 Mortgage Pass-      )
Through Certificates, Series 2007-3;       )
WESLEY R. STACKNIK; and SUNTRUST           )
BANK,                                       )
                                            )
            Appellees.                      )
_____ )

Opinion filed November 15, 2019.

Appeal from the Circuit Court for Pinellas
County; Keith Meyer, Judge.

Jared M. Krukar and Dineen Pashoukos
Wasylik of DPW Legal, Tampa (substituted
as counsel of record), for Appellant.

Kimberly S. Mello and Vitaliy Kats of
Greenberg Traurig, P.A., Tampa, for
Appellee U.S. Bank National Association.

No appearance for remaining Appellees.

BLACK, Judge.

Claudine M. Stacknik challenges the final judgment of foreclosure entered in favor of U.S. Bank National Association, as Trustee for MASTR Adjustable Rate Mortgages Trust 2007-3 Mortgage Pass-Through Certificates, Series 2007-3. We affirm the final judgment in all respects and write only to express agreement with Hanna v. PennyMac Holdings, LLC, 270 So. 3d 403 (Fla. 4th DCA 2019), and to reiterate that a mailing log is sufficient additional evidence to establish the mailing of a paragraph 22 notice.

Ms. Stacknik asks this court to determine that a note containing negative amortization provisions is not a negotiable instrument subject to Article 3 of the Uniform Commercial Code, chapter 673, Florida Statutes (2013). Ms. Stacknik's adjustable rate note provides that the principal amount borrowed was $880,000 and that the principal amount might increase as provided under the terms of the note but would never exceed 110% of the amount originally borrowed. The terms allowing for an increase in principal are those setting forth the possibility of negative amortization; a possibility which would only occur through Ms. Stacknik's choices regarding payment. That is, where Ms. Stacknik's monthly payments were insufficient to satisfy the accruing interest, the balance of unpaid accrued interest was added to the principal balance. Ms. Stacknik argues that the negative amortization provisions of her note remove it from the definition of a negotiable instrument because the amount promised to be paid is not "fixed." See § 673.1041(1) (defining "negotiable instrument" in part as "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order"). Ms. Stacknik's note is a promise to pay $880,000 in

- 2 -

principal plus applicable "interest or other charges described," including amounts added to the principal in accordance with the negative amortization provisions of the note. Like the Fourth District in Hanna, we reject the contention that the negative amortization possibility, as expressed by the statement that the principal repaid might exceed the amount originally borrowed, renders the note nonnegotiable.[1]  See Hanna, 270 So. 3d at 405-06.

Ms. Stacknik also asks this court to determine that the evidence presented by U.S. Bank was insufficient to establish its compliance with paragraph 22 of the mortgage. Ms. Stacknik argues that U.S. Bank's witness did not demonstrate sufficient knowledge of the third-party vendor's mailing practices to establish that the paragraph 22 notice was mailed. However, Ms. Stacknik fails to recognize that testimony regarding a company's routine business practices is but one way to prove mailing. In addition to the default notice, to prove mailing a party must produce "evidence such as proof of regular business practices, an affidavit swearing that the letter was mailed, or a

---

[1]Concomitant with her negative amortization argument, Ms. Stacknik contends that U.S. Bank is not entitled to enforce the note as a holder, as that term is defined in section 671.201(21)(a), Florida Statutes (2013). While our determination that the note at issue is a negotiable instrument necessarily resolves this argument, it is important to remember that contractual obligations to pay money are enforceable independent of whether they are negotiable instruments under the Uniform Commercial Code. And in that respect, obligations which permit the assignment of the debt are enforceable by the assignee. See Chuchian v. Situs Invs., LLC, 219 So. 3d 992, 993 (Fla. 5th DCA 2017). Moreover, while "an action at law on a note may be pursued simultaneously with the equitable remedy of foreclosure," there is nothing requiring them to be simultaneously pursued; the legal remedy of enforcement of the note and the equitable remedy of foreclosure may each be sought independently from the other. Royal Palm Corp. Ctr. Ass'n, Ltd. v. PNC Bank, NA, 89 So. 3d 923, 932 (Fla. 4th DCA 2012); cf. Aluia v. Dyck-O'Neal, Inc., 205 So. 3d 768, 775 (Fla. 2d DCA 2016). And Ms. Stacknik has not argued that U.S. Bank was not entitled to the equitable remedy of foreclosure. Cf. § 702.09, Fla. Stat. (2013).

return receipt." <u>Allen v. Wilmington Tr., N.A.</u>, 216 So. 3d 685, 688 (Fla. 2d DCA 2017) (emphasis added) (citing <u>Burt v. Hudson & Keyse, LLC</u>, 138 So. 3d 195, 1195 (Fla. 5th DCA 2014)); <u>cf.</u> <u>Rivera v. Bank of N.Y. Mellon</u>, 276 So. 3d 979, 982 (Fla. 2d DCA 2019) ("To use routine business practice to prove mailing, 'the witness must have personal knowledge of the company's general practice in mailing letters.' " (quoting <u>Allen</u>, 216 So. 3d at 688)). A mailing log has been expressly recognized by this court as adequate proof of mailing. <u>See</u> <u>Allen</u>, 216 So. 3d at 688; <u>see also</u> <u>Kamin v. Fed. Nat'l Mortg. Ass'n</u>, 230 So. 3d 546, 549 (Fla. 2d DCA 2017); <u>Edmonds v. U.S. Bank Nat'l Ass'n</u>, 215 So. 3d 628, 630 (Fla. 2d DCA 2017). Here, in addition to the default notice, the mailing log and customer service notes indicating that the default notice had been mailed were introduced into evidence through U.S. Bank's witness, and their admissibility has not been challenged.

The final judgment of foreclosure is affirmed.


ROTHSTEIN-YOUAKIM and ATKINSON, JJ., Concur.