DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

SUSAN J. HODGINS and NICHOLAS HODGINS,

Appellants,

v.

U.S. BANK TRUST, N.A., as trustee
for LSF9 Master Participation Trust,

Appellee.

No. 2D2022-2898

_____

July 19, 2024

Appeal from the Circuit Court for Pinellas County; Cynthia J. Newton, Judge.

Dineen Pashoukos Wasylik of DPW Legal, Tampa, for Appellants.

Zachary Ullman of Aldridge Pite, LLP, Delray Beach, for Appellee.

SMITH, Judge.

Susan and Nicholas Hodgins appeal the trial court's Uniform Final Judgment of Foreclosure in favor of U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust (U.S. Bank).  They argue that (1) the final judgment included real property not secured by the mortgage, (2) the complaint did not state a cause of action against Nicholas Hodgins, and (3) the case should be remanded for entry of involuntary dismissal

against the Hodginses. U.S. Bank confesses error as to the first issue, and we agree that the legal description included in the final judgment identifies real property not secured by the mortgage. Accordingly, we reverse on this discrete issue[1] and remand with instructions to amend the final judgment to conform the legal description of the property to that included in the mortgage.

When U.S. Bank's predecessor in interest, JPMorgan Chase Bank, initiated the mortgage foreclosure action against Susan Hodgins,[2] it included a count for reformation alleging that the mortgage erroneously omitted certain adjacent submerged lands from the legal description of the property. Specifically, JPMorgan requested to add the following to the legal description contained in the mortgage:

> TOGETHER WITH ALL INTEREST IN SUBMERGED LANDS LYING WESTERLY THEREOF AND LYING BETWEEN THE NORTHERLY AND SOUTHERLY BOUNDARIES OF SAID LOT 5 AND LOT 6, BLOCK 60 EXTENDED WESTERLY, WHICH INTEREST WAS ACQUIRED BY CLERKS INSTRUMENT NUMBER 420045A (OR BK 231 PAGE 623), 263733B (OR BK 2087 PAGE 340) AND 72057337 (OR BK 3784 PAGE 101).

However, after substituting as party plaintiff, U.S. Bank expressly dropped the reformation count at the bench trial and proceeded solely on the foreclosure count, presenting no evidence supporting the claim for reformation.

---

[1] We affirm the final judgment as to all other issues raised on appeal without comment.

[2] While the initial complaint filed by JPMorgan was served on Nicholas Hodgins and alleged that Nicholas signed the mortgage at issue and that he was a co-owner of the property, Nicholas Hodgins was not included as a party defendant. U.S. Bank later moved to add Nicholas as a party defendant based on his interest in the property, and the trial court granted that motion.

Following the bench trial, the trial court rendered the final judgment, which reformed the mortgage to include the submerged lands as sought in the dropped reformation count. The Hodginses filed a motion for rehearing arguing, among other things, that the final judgment contained an incorrect legal description of the property. U.S. Bank confessed error on this point in its response to the motion for rehearing;[3] nevertheless, the trial court denied the motion for rehearing.[4]

A court can correct a mortgage to reflect the agreement's true terms if the movant proves that that mortgage does not express the parties' intentions. *Providence Square Ass'n v. Biancardi*, 507 So. 2d 1366, 1369-70 (Fla. 1987). But a trial court cannot award relief that is not requested in the pleadings or otherwise tried by consent. *Taneja v. First St. & Fifth Ave., LLC*, 310 So. 3d 1275, 1276 (Fla. 2d DCA 2021). Here, both parties agree that U.S. Bank withdrew its claim for reformation at trial, and there was no evidence presented that would support a finding that the mortgage failed to express the parties' intention as to the real property encumbered.

Accordingly, because the trial court erred by including the submerged lands in the legal description in the final judgment, we reverse the final judgment to that limited extent and remand with instructions for the trial court to amend the final judgment to conform

---

[3] The response to the motion for rehearing provided: "[U.S. Bank] concedes only to the point that the appropriate remedy is amendment of the Final Judgment under 1.530(g) or limited relief under 1.540(b)(5) only for purposes of amending the judgment; and not vacating the judgment nor dismissing the case."

[4] The principle that a foreclosure judgment only applies to property secured by a mortgage is well established. *See, e.g.*, *Mattair v. Card*, 18 Fla. 761, 767 (Fla. 1882); *Aluia v. Dyck-O'Neal, Inc.*, 205 So. 3d 768, 773-74 (Fla. 2d DCA 2016).

the legal description to that reflected in the mortgage prior to its reformation.

Affirmed in part, reversed in part, and remanded with instructions.

VILLANTI and LaROSE, JJ., Concur.

_____

Opinion subject to revision prior to official publication.